WILSON McCANDLESS, *as Treasurer of Reno County, et al.*, v. HAROLD CARLISLE.

ANIMALS, *Where Taxed.* Where the owner of cattle and horses resides in one county, and the cattle and horses are kept in another county, and the owner of the property does not reside within the limits of any city, the property should be taxed in the township where the owner of the property resides, and not in the township or county where the property is kept. (First proviso of § 7 of the tax law; Laws of 1881, ch. 34, § 1.)

*Error from Reno District Court.*

ACTION brought by *Carlisle* against *McCandless* as treasurer and *Hedrick* as sheriff of Reno county, to restrain the collection of a certain tax. Trial at the January Term, 1884, and judgment for the plaintiff. The defendants bring the case here. The opinion states the facts.

*R. A. Campbell*, county attorney, for plaintiffs in error.

*Scheble & Vandeveer*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action commenced by Harold Carlisle against Wilson McCandless, treasurer of Reno county,

Kansas, and J. M. Hedrick, sheriff of said county, to restrain them from the collection of a certain tax. The defendants demurred to the plaintiff's petition, on the ground that it did not state facts sufficient to constitute a cause of action, which demurrer was overruled by the court. The defendants then answered, to which answer the plaintiff demurred on the ground that it did not state facts sufficient to constitute any defense to the plaintiff's petition; and the demurrer was sustained by the court. The defendants, as plaintiffs in error, now bring the case to this court, and ask that the rulings of the court below be reversed.

It appears from the pleadings that the plaintiff, Harold Carlisle, and his brother E. S. Carlisle, were on March 1, 1882, and ever since have been residents of Sedgwick county, Kansas, and that they have not at any time lived within the limits of any city. On March 1, 1882, they owned certain horses and cattle, which were then, and before and since have been, kept in Albion township, Reno county, Kansas, and never in Sedgwick county. This property was taxed in the year 1882 in Reno county, without the knowledge or consent of the owners or their agents. Section 7 of the tax law provides among other things as follows:

"All personal property shall be listed and taxed each year in the township, school district or city in which the property was located on the first day of March. . . . Animals and farming implements shall be listed and taxed where usually kept: *Provided*, That if the owner of such animals lives outside of the limits of a city, such property shall be taxed in the township where the owner resides." (Laws of 1881, ch. 34, §1.)

The only question presented to this court for consideration is, whether the said property was taxable in Reno county, or not. The defendants below, plaintiffs in error, claim that it was; while the plaintiff below, defendant in error, claims that it was taxable in Sedgwick county, where the owners of the property resided, and only in Sedgwick county. The court below decided in favor of the plaintiff below, and we think correctly. It will be remembered that the owners of the

property resided in Sedgwick county and not in Reno county, and they did not reside within the limits of any city; and therefore, under the proviso of said § 7, the property should have been taxed in the township where the owners resided, and not in Reno county, where it was kept. The proviso qualifies and modifies the other provisions of the section in this respect. If the owners of the property had been non-residents of the state, or had resided in some city of the state, then the property should have been taxed in Reno county, where it was kept. But as the owners of the property were residents of the state, residents of an organized county, not residents of any city, but evidently residents of some township in the county where they resided, the property should have been taxed in such township.

The rulings and judgment of the court below will be affirmed.

All the Justices concurring.